IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00266-WYD-KLM

SHARON D. FORDE,

    Plaintiff,

v.

JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE;
STEVEN AMOS;
JOSEPH BUCKLEY;
BONNIE PASCOE;
ROBERT BRONDER;
KENNETH MILLER;
STARLING ROY TAPP; and
DUANE KLINKNER,

    Defendants.

**ORDER**

THIS MATTER is before the Court on the Recommendation of United States Magistrate Judge. A Recommendation of United States Magistrate Judge was issued on October 5, 2007 and is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Mix recommends therein that this case be dismissed pursuant to Fed. R. Civ. P. 41(b). Specifically, Magistrate Judge Mix recommends dismissal of this case because the court file contains no proof that service of process has been made upon Defendants.

-1-

No objections were filed by any party to the Magistrate Judge's Recommendation.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  Accordingly, it is hereby

ORDERED that this case is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

Dated:  April 29, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).